■     LYNDA JONES, Individually, and as Administratrix of the Estate of HERBERT W. JONES, JR., Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54555.) (Appeal No. 1.)—Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: This wrongful death action arose from the prisoner takeover of a portion of the Attica Correctional Facility in September, 1971. Claimant's intestate is alleged to have died as a result of the retaking of the institution by the State (see *Jones v State of New York,* 33 NY2d 275). The State appeals from an order which directs it to furnish to claimant the records of the New York State Commission on Attica (McKay Commission) for inspection and copying, and to allow claimant to inspect the Attica Correctional Facility. We conclude that the court erred in directing that the McKay Commission material be released. That material is protected from disclosure by the public interest privilege *(Fischer v Citizens Committee,* 72 Misc 2d 595, affd without opn 42 AD2d 692). Claimant's contention that the State has failed specifically to support its claim of privilege is without merit. The McKay inquiry clearly involved matters of "illegality or such behavior that a witness would be reluctant to testify absent a promise of confidence" *(Dixon v 80 Pine St. Corp.,* 516 F2d 1278, 1281). While the material sought may be of use to claimant in the prosecution of this civil action, the court must balance the need of a litigant for information "against the government's duty to inquire into and ascertain the facts * * * for the purposes of taking steps to prevent similar occurrences in the future." *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 118.) One of the primary purposes of the McKay Commission was to determine the circumstances which resulted in the tragedy at Attica, and its effectiveness was dependent upon assurances of confidentiality. The disclosure of information that it has obtained would undoubtedly imperil any future investigation of a similar catastrophe. Thus the public interest in the right of a litigant to obtain evidence must, in these circumstances, give way to the public interest in enabling the government effectively to conduct sensitive investigations involving matters of demonstrably important public concern. Claimant next argues that the promises of confidentiality related only to concealment from prosecutorial agencies and that since the Attica Grand Juries have disbanded, there is no longer any reason to prevent disclosure. We reject this argument. The record in *Fischer v Citizens Committee (supra)* shows that the McKay Commission gave assurances that their sources would not be disclosed to anyone. Moreover, concerns other than those raised by penal consequences would have interfered with the effectiveness of the McKay Commission, and it was to those concerns also that the promises of confidentiality were addressed. Nor does the Freedom of Information Law (L 1974, chs 578, 579, 580) entitle claimant to inspect and copy the McKay data. This legislation does not destroy the public interest privilege as presented here (cf. *Cirale v 80 Pine St. Corp., supra,* p 117, n 1; *Matter of Knight v Gold,* 53 AD2d 694; compare *Matter of Zuckerman v New York State Bd. of Parole,* 53 AD2d 405). With respect to

the second issue, upon argument of this appeal, claimant narrowed the scope of her request for inspection to those areas of the institution known as "D Yard" and "Times Square". The State has made no showing that reasonable steps could not be taken to insure that such an inspection will be compatible with the security and operation of the facility. Accordingly, claimant should be permitted to conduct the inspection as modified by her stipulation on appeal. (Appeal from order of the Court of Claims—discovery.) Present—Moule, J. P., Simons, Dillon and Witmer, JJ.