OPINION OF THE COURT
Martin Evans, J.
This is a CPLR article 78 proceeding to void and annul a meeting of the New York State Medical Advisory Committee held on June 15, 1977 and to obtain a declaration that the Medical Advisory Committee is subject to article 7 of the Public Officers Law, known as the "Open Meetings Law”.
*148 The Medical Advisory Committee is created by section 365-c of the Social Services Law and consists of 20 members appointed by the Governor, by and with the consent of the Senate for a three-year term of office. It is required to meet at least once each year. Members receive no compensation, but may be reimbursed for their expenses.
The sole function of the committee is to advise the State Commissioner of Social Services with respect to health and medical care services provided under title 11, entitled "Medical Assistance For Needy Persons” of the Social Services Law.
Subdivision 2 of section 97 of the "Open Meetings Law” by its terms defines the public body where meetings must be open, as "any entity, for which a quorum is required in order to transact public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof’.
Although the duty of the committee is only to give advice which may be disregarded by the commissioner, the commissioner may, in some instances, be prohibited from acting before he receives that advice. Although in a case cited by petitioners (Becker v Toia, 439 F Supp 324; CCH Medicaid and Medicare Guide, par 28,025), the court appeared to hold that the advice of the committee was possibly a prerequisite to the adoption by the New York Legislature of any law relating to the type of health and medical care services contemplated by title 11, this statement was not necessary to its decision and in any event appears to be an overbroad reading of the statute, and might have the result of requiring the Advisory Committee to partake in the day-to-day decisions of the commissioner; clearly, a result not contemplated by either Congress or the State Legislature. However, there appear to be some areas in which the commissioner should not in the first instance act without such prior advice.
Therefore, the giving of advice by the committee either on their own volition or at the request of the commissioner is a necessary governmental function for the proper actions of the Social Services Department.
The members of the committee, being appointed by the Governor for a fixed term to a position created by statute, are holders of a public office.
However, the question of whether or not a quorum is required to be present at a committee meeting in order to transact public business is a more difficult question.
*149 Clearly, the Legislature intended to differentiate between those public bodies at which a quorum was required to be present, and those where a quorum was not so required.
The Medical Advisory Committee was created in compliance with the Federal directives which mandate its existence in order to enable a State to take advantage of Federal provisions and to obtain Federal funding, but those directives, many of which are couched in precatory terms, nowhere require that a quorum be present.
Traditionally a quorum has been required where action to be taken will itself directly affect other persons, and not where the purpose of the meeting is merely to give advice.
Section 41 of the General Construction Law is relied upon by petitioners as a general law that mandates a quorum in certain cases of meetings of public officials. A limitation is found in the first sentence, which states: "[w]henever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty.”
The committee may give advice to the commissioner, or it may decide to withhold advice. But it has no power or authority to exercise, and its advice is not controlling. Its actions and decisions, therefore, do not directly affect other persons.
However, the Committee on Public Access to Records, created by section 104 of the Open Meetings Law (Public Officers Law, art 7), has been given the task of issuing advisory opinions and of reporting on the operation of this law, to the Legislature.
In a report dated February 1, 1977, it stated its opinion that advisory bodies are subject to the Open Meetings Law, and that there is no necessity of a requirement in the Open Meetings Law of a quorum since that requirement is defined by section 41 of the General Construction Law.
That committee, however, did suggest in that report to the Legislature that the definition of the public bodies be amended to clarify the legislative intent as to whether or not advisory bodies are to be included within that definition. To date, the Legislature has not acted.
*150 It is the conclusion of the court that the Medical Assistance Committee is a public body within the definition of section 97 of the Public Officers Law, and that its meeting must be conducted in accordance with the Open Meetings Law.
If this proves to be burdensome, and prevents the proper operation of the committee, the Legislature may weigh the benefits and detriments and make appropriate changes in the law.
Petitioner has requested that the meeting of June 15, 1977 be voided. That remedy is not to be lightly granted. No prejudice to petitioner has been shown, and under the circumstances of this case that request is denied.
Petitioner’s request for costs is denied. Petitioner, a nonprofit legal service corporation, has no client that it represents in this case. One of its attorneys attended the meeting and was allowed to remain for a part, although not all, of the meeting. The question involved was one in which no bad faith was shown by respondent.
There appear no factual issues, and therefore the petition is granted to the extent indicated and otherwise denied. Cross motion to dismiss is denied.