OPINION OF THE COURT
Edward Greenfield, J.
The first Mayor’s Committee on the Judiciary was set up by *450 former Mayor Wagner and such a committee, whose function is to make recommendations to the Mayor concerning appointments to the Family and Criminal Courts, has existed in varying forms ever since.[1] In addition to having all persons who wish to be considered for such appointments fill out a detailed questionnaire, written comments are solicited from references and adversaries concerning the prospective appointees’ qualifications for judicial office.
Before the court is a petition brought by Sidney Baumgarten, an unsuccessful aspirant to judicial office. Mr. Baumgarten, who alleges that he was informed that the Mayor’s committee in 1977 had approved him as a prospective appointee and then withdrew such approval, requested that he be given access to certain records of the committee concerning his candidacy, as well as minutes of all meetings held between September 1, 1977 and December 31, 1977 and the names and addresses of all members of the committee between such dates. The request, which was purportedly made under the Freedom of Information Law, effective September 1, 1974, was denied (Public Officers Law, § 84 et seq.). In this proceeding, Mr. Baumgarten seeks a judgment vacating the determination denying him access to the requested information and directing respondents to give him such access.
In opposition, respondents contend that the Freedom of Information Law is not applicable to the records of the committee and that even if it is applicable, the committee’s confidential records and information are exempt from disclosure under the public interest privilege. An amicus curiae brief has been submitted by the Association of the Bar in support of respondents’ claim of privilege.
As petitioner bases his petition on the Freedom of Information Law, the first issue which must be dealt with is the applicability of the statute[2] to the records of the committee.
The purpose of the 1974 statute was to give the public *451 access to all governmental records with nine exceptions, one of which is "advisory or deliberative” (see NY Legis Ann, 1974, p 330) and the courts have refused to require production of records that are related solely to an advisory function under either the 1974 or 1978 statutes. (Matter of McAuley v Board of Educ., 61 AD2d 1048, supra; Matter of Delaney v Del Bello, 62 AD2d 281, supra; Rogan v Board of Educ., Index No. 1637/78, Supreme Ct, Kings County, May 19,1978.)
Similarly, the Federal courts, under the Freedom of Information Act (US Code, tit 5, § 552) upon which the 1978 statute is patterned, have refused to require entities which perform only advisory functions to make their records available. (See, e.g., Ciba-Geigy Corp. v Matthews, 428 F Supp 523; Washington Research Project v Department of Health, Educ. & Welfare, 504 F2d 238, cert den 421 US 963.)
Although Mayor Beame, like Mayors Lindsay and Wagner, stated publicly that he would not appoint a Judge whose name was not submitted to him by the committee, the Mayor was legally free to reject the names of pesons submitted to him by the committee. In fact, Mayor Beame and his predecessors have made judicial appointments of individuals other than those recommended by the committee. As the Mayor’s Committee on the Judiciary performs a purely advisory function and its determinations have no legal effect, petitioner is not entitled to access to the records requested under either the 1974 or 1978 statute.
Moreover, even assuming the applicability of either statute, the public interest functions of the committee and the necessity for confidentiality would bar petitioner access to any information requested other than the names and addresses of the committee members. The Mayor’s committee was created in an attempt to find the best qualified candidates for judicial office and to assure that incumbent Judges were only reappointed if they had demonstrated competence in office. In addition to requiring all potential aspirants to fill out detailed questionnaires, written comments are solicited from the aspirant’s reference and from previous adversaries and additional investigations are also made.
As noted by this court in Matter of Lambert v Barsky (91 Mise 2d 443, 444) in quashing a subpoena served on the Governor’s Judicial Nominating Committee: "[b]oth candidates and those who comment upon their qualifications would be reluctant to be entirely candid if they knew their disclosures *452 were available to the prying eyes of outsiders. Confidentiality and candor are complementary to one another. Destroy one and the other vanishes.”
The public interest privilege, which this court recognized in quashing the judicial subpoena involved in the above-cited case, has long been recognized by the New York courts (see, e.g., Cirale v 80 Pine St. Corp., 35 NY2d 113; Jones v State of New York, 58 AD2d 736). In the case at bar, the interest of an individual in gaining access to confidential information must give way to the overriding public interest in assuring that only the most qualified candidates are appointed to judicial office. It seems almost beyond question that if the files of the Mayor’s committee were subject to disclosure, the free flow of information to the committee and particularly adverse comments would slow to a trickle or dry up completely. Petitioner’s contention that respondents have a legal (and moral) duty to allow petitioner or any other person to examine and copy any and all official records of the committee is clearly without merit. The interests of petitioner, an unsuccessful aspirant to judicial appointment, must give way to the overriding public interest which requires confidentiality of the information sought.
Based on the foregoing, the petition is in all respects denied.

. The committee, as it presently exists, was established by Mayor Koch by executive order. Previous administrations have established committees by less formal means.

. As noted above, petitioner’s demand for the records was made pursuant to the Freedom of Information Law effective September 1, 1974; however, the law was amended, effective January 1,1978. Although it would appear that the 1974 statute is applicable as petitioner’s file was created in or prior to 1977 (see, e.g., Matter of Delaney v Del Bello, 62 AD2d 281 [the 1974 statute was applied in 1978 to a 1977 document]), the new statute has been applied to a 1976 document. (Matter of McAuley v Board of Educ., 61 AD2d 1048.)