OPINION OF THE COURT
Robert W. Doyle, J.
In this CPLR article 78 proceeding, petitioners, American Society for the Prevention of Cruelty to Animals (ASPCA), et al., seek to permanently enjoin the respondent from violating *523 the New York State "Open Meetings Law”. The petition is granted to the extent indicated below.
The respondent, State University of New York at Stony Brook (University), maintains a Laboratory Animal Users’ Committee (LAUC) as required by Federal statute. (7 USC § 2132 [e]; § 2143 [b].) In order for a research facility to receive Federal funding a LAUC must be maintained when research, tests or experimentation on live animals is involved.
7 USC § 2143 (b) (1) provides that each research facility establish a committee of at least three members who possess sufficient ability to assess animal care, treatment and practices in experimental research as determined by the needs of the research facility. The statute also mandates that the committee members represent society’s concerns regarding the welfare of animal subjects and include at least one member who is a doctor of veterinary medicine and one member not affiliated with the facility and who represents the community’s interests.
The duties of the committee include (7 USC § 2143 [b] [3]) inspection of all animal study areas and animal facilities semiannually for: (A) practices involving pain to animals; and (B) conditions of animals to ensure minimization of pain and distress to the animals.
The committee is also required to file an inspection certification report of each inspector available for review by the United States Department of Agriculture, provide training of scientists and animal technicians including instruction on humane practice of animal maintenance, experimentation and research testing methods that minimize or eliminate the use of animals or limit animal pain and distress.
The LAUC mandated by Congress in 1986 in its present form has been in existence at Stony Brook University since at least 1976. There is no allegation, nor may any implication be drawn from this proceeding that the committee is not performing its functions as required by law. The only legal issue presented for this court’s determination is whether Public Officers Law article 7 (New York State Open Meetings Law) applies to the LAUC meetings such that petitioners and other members of the public may attend the committee meetings.
The Open Meetings Law (Public Officers Law § 101) requires that:
"(a) Every meeting of a public body shall be open to the general public, except that an executive session of such body *524 may be called and business transacted thereat in accordance with section ninety-five [now § 105] of this article.
"(b) Public bodies shall make or cause to be made all reasonable efforts to ensure that meetings are held in facilities that permit barrier-free physical access to the physically handicapped, as defined in subdivision five of section fifty of the public buildings law.”
A "public body” as defined in Public Officers Law § 102 (2) means: "any entity, for which a quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof, or for a public corporation as defined in section sixty-six of the general construction law, or committee or subcommittee or other similar body of such public body.”
Petitioners contend that LAUC falls squarely within the definition of a public body performing a governmental function and that their meetings must be open to the general public in accord with Public Officers Law § 103 (a).
Respondents assert that LAUC meetings are not covered by the Open Meetings Law for four reasons. First, because open meetings would lead to disclosure of confidential information which is prohibited by Federal statute (7 USC § 2157; Public Officers Law § 108 [3]). Second, public and legislative policy support the exclusion of research committees from open meetings law because they deal with subjects which, if exposed, can result in academic and/or economic chaos. Third, the University argues that the LAUC does not perform a governmental function, but only discharges a limited mandate as a condition precedent for funding and is thus not a public body within the meaning of the Open Meetings Law. Lastly, respondents argue that if the Open Meetings Law is applied to Stony Brook LAUC, it will result in a disparate treatment between public and private universities under the Federal Animal Welfare Act.
Both counsel have presented the court with well-articulated written and oral presentations. The memoranda of law, while copiously composed, indicates a dearth of legal precedent on the issues now before the court.
The court finds the LAUC to be a public body performing a governmental function within the meaning of Public Officers Law § 102.
There is no dispute that pursuant to Federal law a LAUC *525 requires a quorum in order to conduct business. (7 USC § 2143.) Further, it is not necessary that the entity have binding authority for it to be considered a "public body”. If the determinations affect the public and may eventually obtain substance in official form, the entity will be considered a public body. (Matter of Sciolino v Ryan, 81 AD2d 475; Matter of Gannett Co. v City of Rochester, 83 AD2d 755.) Thus, it has been held that a New York State Medical Advisory Committee, with members appointed by the Governor, whose sole duty is to give advice to the Commissioner of Social Services, which advice may be ignored, is a public body under the Open Meetings Law. (Matter of MFY Legal Servs. v Toia, 93 Misc 2d 147; but see, Matter of Poughkeepsie Newspaper Div. of Gannett Satellite Information Network v Mayor’s Intergovernmental Task Force on N. Y. City Water Supply Needs, 145 AD2d 65.) In so determining the court has given great weight to the statutorily mandated nature of LAUC, the authority that LAUC maintains over research, and the fiscal implications of the LAUC’s determination on the proposed research. The court also determines that the above conclusions do not give rise, as argued by respondents, to the result that all meetings at the University must be open to the public. The only determination made herein upon the facts and law presented is that LAUC is a public body performing a govermental function. This determination cannot be read to apply to any other committee or organizational entity at the University.
Although initially compelling, the argument by respondent that public disclosure of proposed research will stifle research at the University cannot prevail. The chilling effect on research complained about by respondent can enure only if detailed descriptions of a particular project are revealed to the public. No such requirement is present here.
Although respondents must not disclose "trade secrets or commercial or financial information which is privileged or confidential” pursuant to Federal law (7 USC § 2143 [a] [6] [B]), there is no requirement that a research institution reveal such information to the LAUC in the first instance. If such information is required for a LAUC to make an intelligent decision on the matters charged to them, they can adjourn into executive session pursuant to Public Officers Law § 103.
Petitioners only seek information concerning the treatment and handling of research animals. In most instances, this type of discussion would not require the invocation of executive *526 session or the imposition of the confidentiality requirement of the Federal statute.
While petitioners request in their petition that past actions of LAUC taken in violation of the Open Meetings Law are void in whole, they were not vociferous advocates of this position. This remedy is not lightly to be granted (Matter of MFY Legal Servs. v Toia, supra) and under the facts and circumstances of this matter, that request is denied.
The parties are reminded that the Open Meetings Law may not be used as either a sword of Damocles or soap box by petitioners to advocate their views or as a shield or curtain by respondents to thwart public scrutiny.
The other arguments raised by the parties have been considered in their entirety. In light of the determination made herein they need not be addressed specifically.