[681 NYS2d 494]

In the Matter of YAMILE MENDEZ et al., Respondents, v W. ANN REYNOLDS et al., Appellants.

First Department, December 8, 1998

## APPEARANCES OF COUNSEL

*Ronald B. McGuire* for respondents.

*John Hogrogian* of counsel (*Pamela Seider Dolgow* on the brief; *Jeffrey D. Friedlander, Acting Corporation Counsel* of New York City, attorney), for appellants.

## OPINION OF THE COURT

SAXE, J.

Hostos Community College (Hostos), one of six City University of New York (CUNY) community colleges offering two-year associate's degree programs, was created with the mission of providing educational opportunities to New York residents who have encountered significant barriers to higher education. To ensure that each student in the program was offered the necessary assistance for development of college-level English-language skills, CUNY educators developed the CUNY Writing Assessment Test (CWAT), a diagnostic tool for placing first-year students in the appropriate English or English as a Second Language program. All Hostos students are required to pass English 1302 (Expository Writing) in order to obtain the associate's degree, and there is no question that prior to spring 1996, a passing grade in the CWAT was a prerequisite to English 1302.

However, because many educators at Hostos criticized the use of diagnostic tools like the CWAT as "exit exams" and advocated the development of alternative testing means or the evaluation of multiple indicators of a student's progress, the Hostos English faculty developed the Hostos Writing Assessment Test (HWAT). Effective spring 1996, it was substituted for the CWAT, and the requirement that students pass CWAT was purportedly eliminated. An April 30, 1996 notice eliminating the requirement, signed by the chair of the English Department and the Acting Dean for Academic Affairs, was distributed.

On May 27, 1997, the CUNY Board of Trustees passed an emergency resolution without prior notice, requiring a passing

grade in the CWAT as a nonwaivable condition for graduation from a CUNY community college.

Hostos's president then prepared a letter dated May 28, 1997, informing students scheduled to graduate but who had not passed the CWAT that, unless they passed it before June 1, they would not graduate.

Petitioners challenge the propriety of the resolution passed by the Board of Trustees, alleging that it suddenly imposed a passing grade on the CWAT as a graduation requirement only five days before graduation day, despite the prior conduct and assurances of the Hostos faculty and administration to the contrary. The Board's action is alleged to violate the public notice and hearing requirements set forth in the CUNY bylaws and unfairly to imperil the anticipated graduations of a number of Hostos students.

Petitioners do not challenge the ultimate authority of CUNY's Board over curriculum and graduation requirements at Hostos. Rather, they assert that it was arbitrary and capricious and a violation of petitioners' civil rights to add a new graduation requirement, without notice or hearing, five days before graduation.

The IAS Court prohibited the respondents (who included the Chancellor of CUNY and the Chair and Vice-Chair of the CUNY Board of Trustees) from denying or deferring the granting of degrees to any Hostos student who did not pass the CWAT but who had fulfilled all other requirements for spring 1997 graduation. It is from this order that this appeal is taken, and which we today reverse.

The City University Board of Trustees possesses the sole and exclusive statutory authority to impose graduation and course requirements for all CUNY colleges (*see*, Education Law § 6204 [1]; § 6206 [7] [a]). The individual colleges of the CUNY system, such as Hostos, lack the authority to modify, unilaterally, course prerequisites. Indeed, the Hostos Charter of Governance provides for creation of a Curriculum Committee whose function is, *inter alia*, to "evaluate and *recommend* any modifications of current courses in the curriculum, including * * * prerequisites" (emphasis added), and goes on to provide for the procedures by which such modifications may be proposed for adoption by CUNY's Board of Trustees. Accordingly, the administrators of Hostos have no authority to modify course prerequisites.

The requirement that Hostos students pass the CWAT has existed since 1979. Until 1996 the Hostos catalogue specifically

indicated that a passing score on the CWAT was a prerequisite to enrolling in the required course, English 1302.

Because the Hostos administrators had no authority to alter unilaterally this prerequisite, the written notice circulated by Hostos administrators in the spring of 1996 to the effect that a passing grade on the HWAT would be substituted for the CWAT as a prerequisite to English 1302, and the similar oral notification given to students by department staff, had no legal effect. Moreover, it would be inappropriate to bind CUNY to misstatements made by its agents in these circumstances. "While it is true that in the ordinary case, a principal must answer for the misstatements of his agent when the latter is clothed with a mantle of apparent authority [citation omitted], such hornbook rules cannot be applied mechanically where the 'principal' is an educational institution and the result would be to override a determination concerning a student's academic qualifications." (*Matter of Olsson v Board of Higher Educ.*, 49 NY2d 408, 413.)

Nor is the doctrine of equitable estoppel applicable here. First, the doctrine is not applicable to the State when acting in a governmental capacity (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 93 [1981]), which the Board was doing here. While circumstances theoretically may exist that would warrant an exception to the general rule precluding application of equitable estoppel to the State (*see, Scruggs-Leftwich v Rivercross Tenants' Corp.*, 70 NY2d 849, 852; *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130; *Pless v Town of Royalton*, 81 NY2d 1047, 1049), the circumstances here do not approach the type of "unusual" or "rare" situation in which we would consider making such an exception.

Moreover, it would contravene public policy to force an institution of higher learning to award degrees where the students had not demonstrated the requisite degree of academic achievement. "[R]equiring the college to award [the student] a diploma on equitable estoppel grounds would be a disservice to society, since the credential would not represent the college's considered judgment that [the student] possessed the requisite qualifications" (*Matter of Olsson v Board of Higher Educ., supra,* at 414).

In any event, the elements of estoppel were not shown. A party asserting estoppel must show " '(1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position' " (*BWA*

*Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853, quoting *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82).

While there may have been reasonable reliance on the misrepresentations by professors and Hostos officials, petitioners cannot demonstrate a prejudicial change in position as a result. All they can demonstrate with respect to this element is that their expectations were unfulfilled; this does not make out a change in position. Indeed, their participation in English 1302 (entitled "Expository Writing") *without* having been required first to pass the CWAT can only have further prepared them for the CWAT; it does not put them in a worse position in regard to passing it. Had the school enforced the existing prerequisite as it should have, it appears quite likely that students who now are assertedly eligible to graduate except for their inability to pass the CWAT would not be in so advanced a position, inasmuch as they would not have been permitted to enroll in the required course, but would have been compelled to enroll in further remedial courses. As was the case in *Matter of Olsson v Board of Higher Educ.* (49 NY2d 408, 414, *supra*), "neither the courts nor the college authorities have any way of knowing whether the outcome of the testing would have been different if [petitioners] had not 'relied' upon [the] misstatement".

There was nothing arbitrary or capricious in the May 27, 1997 resolution seeking to uphold a proper requirement long in place, and to protect a minimum standard of academic achievement prior to the award of CUNY's associate's degree.

Finally, for those students affected by its spring 1996 announcements, Hostos is to continue to provide tuition-free remedial assistance aimed at preparing students for the CWAT.

Accordingly, the order and judgment (one paper) of the Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about July 14, 1997, which prohibited respondents from denying or deferring the granting of degrees to any Hostos Community College student who did not pass the CUNY Writing Assessment Test but fulfilled all other requirements for graduation from such college in the spring of 1997, should be reversed, on the law, without costs, the application denied and the petition dismissed.

SULLIVAN, J. P., RUBIN and TOM, JJ., concur.

Order and judgment (one paper), Supreme Court, Bronx

County, entered on or about July 14, 1997, reversed, on the law, without costs, the application denied and the petition dismissed.