OPINION OF THE COURT
Bernard J. Malone, Jr., J.
The motion of the respondent for an order dismissing the pe *623 tition upon the objection in point of law that it fails to state a cause of action is granted.
By Executive Order (Pataki) No. 10 (9 NYCRR 5.10) the Governor established judicial screening committees throughout the state to consider the qualifications of those seeking appointment to judicial offices and gave those committees the power to make recommendations to him as to whether the applicants are highly qualified. This CPLR article 78 proceeding concerns the Third Department Judicial Screening Committee and the position of Cortland County Judge. A vacancy occurred in that position and, apparently, several local attorneys applied to the Third Department Judicial Screening Committee for appointment by the Governor to the position. Julie Campbell was given the temporary appointment as Cortland County Judge and, purportedly ran campaign ads stating she was the only candidate who was found to be highly qualified for this position by the bipartisan Third Department Judicial Screening Committee. The petitioner is an attorney practicing in Cortland County and he made a Freedom of Information Law (FOIL) request to the Third Department Judicial Screening Committee for disclosure of certain information. When that information was not forthcoming, the petitioner commenced this article 78 proceeding. The respondent, prior to serving its answer, has moved to dismiss the proceeding upon the ground that as a matter of law the petition fails to state a cause of action.
The petitioner asserts that the Third Department Judicial Screening Committee is an “agency” as that term is defined in Public Officers Law § 86 (3), which is part of FOIL, and is a “public body” as that term is defined in the Open Meetings Law (Public Officers Law § 102 [2]). Both of those statutes define an “agency” or “public body” as an entity authorized to perform a “governmental function.” The issue before the court is whether, deeming the allegations to be true, the Third Department Judicial Screening Committee performs a “governmental function.” Before reaching that issue it is appropriate to set forth the law governing a motion to dismiss an article 78 proceeding upon the objection in point of law that it fails to state a cause of action. In the case of Matter of Green Harbour Homeowners’ Assn., Inc. v Town of Lake George Planning Bd. (1 AD3d 744, 745 [2003]), the Third Department set forth the applicable law as follows:
“In determining motions to dismiss under CPLR 7804 (f) or 3211, the court may not look beyond the *624 petition and must accept all its allegations as true (Matter of Scott v Commissioner of Correctional Servs., 194 AD2d 1042, 1043 [1993]; see Matter of Mattioli v Casscles, 50 AD2d 1013 [1975]). Only affidavits submitted by petitioner and exhibits attached to the petition may be considered on such a preanswer motion (see Matter of Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v State Educ. Dept., 116 AD2d 939, 941 [1986]). Although Supreme Court improperly considered affidavits submitted by respondents, the petition, exhibits and affidavits submitted by petitioner provide sufficient support for the court’s decision.”
In other words, this court can consider only the factual allegations of the petition, which must be deemed to be true, and such exhibits as are attached to the petition. Attached to this petition is a copy of Executive Order No. 10. The respondent argues that it is not an agency or public body because all it does is give advice to the Governor as to the qualifications of applicants for judicial positions. In the case of Matter of Smith v City Univ. of N.Y. (92 NY2d 707, 714 [1999]), the Court of Appeals stated: “It may be that an entity exercising only an advisory function would not qualify as a public body within the purview of the Open Meetings Law.”
While the Court of Appeals may consider it an open question as to whether an entity exercising only an advisory function is performing a “governmental function,” it is not an open question to this lower court. This court’s research has not disclosed a Third Department decision upon the issue. However, the law is that “[i]n the absence of a relevant decision in its own department, a court is bound to follow applicable decisions in another department of the Appellate Division, until such time as its own Appellate Division decides otherwise or until the Court of Appeals passes on the question” (1 Carmody-Wait 2d § 2:276, at 477-478).
Here, in the case of Goodson Todman Enters. v Town Bd. of Milan (151 AD2d 642, 643 [1989]), the Second Department held:
“Moreover, the committee possesses no power, statutory or otherwise, to implement its recommendations, but exists at the discretion of the appellant merely to provide advice — which may be accepted or rejected (cf. Matter of MFY Legal Servs. v Toia, 93 Misc 2d 147). As we have recently observed, c[i]t has long been held that the mere giving of advice, even *625 about governmental matters, is not itself a governmental function’.”
The respondent’s position is that the Third Department Judicial Screening Committee merely makes recommendations to the Governor, which recommendations may be accepted or rejected by him. At page 4 of his memorandum of law, the petitioner makes the following response:
“In Smith, 92 NY2d at 714, the Court of Appeals noted, without specifically addressing the question, that a purely advisory committee might not qualify as a public body. (A public body under the Open Meetings Law is also a public body under FOIL.) However, that is clearly not the case here. The executive order requires the governor to choose from among the candidates recommended by the committee. Thus, it goes far beyond being merely advisory. The committee also meets other criteria described by the Court of Appeals. The committee is created in accordance with the State Constitution and State Law, it performs purely governmental functions, and it has total control over deciding who is qualified for appointment.”
The petitioner relies upon the language of Executive Order No. 10, which provides that “the Governor shall appoint or designate only persons who have been recommended by the appropriate” judicial screening committee (9 NYCRR 5.10). The petitioner’s position appears to be that if the judicial screening committee recommends only one candidate, and the Governor can only appoint a person who has been recommended by the appropriate screening committee, then, in effect, the judicial screening committee is choosing the candidate and its selection is not advisory. That position fails to consider that upon the facts contained in this record the Governor could have rejected the advice of the Third Department Judicial Screening Committee and simply left the Cortland County Judge position vacant until the next election. Deeming all of the allegations of the petition to be true, including those set forth in the exhibits, it is established as a matter of law that the Governor is not bound to select the candidate recommended by the Third Department Judicial Screening Committee and, therefore, that Committee’s function is purely advisory. That being so, the Third Depart *626 ment Judicial Screening Committee does not qualify as an “agency” under FOIL or the Open Meetings Law. This petition fails to state a viable cause of action.