■ In the Matter of PATRICK M. SNYDER, Appellant, v THIRD DEPARTMENT JUDICIAL SCREENING COMMITTEE, Respondent. [795 NYS2d 398]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered June 28, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding seeking to compel respondent to provide information under the Freedom of Information Law (hereinafter FOIL; see Public Officers Law art 6) and the Open Meetings Law (hereinafter OML; see Public Officers Law art 7) pertaining to individuals who sought the position of Cortland County Judge. That position became vacant before the expiration of a term and, thus, the Governor had the authority, with the advice and consent of the Senate, to fill the vacancy by appointment until the next election (see NY Const, art VI, § 21). Under such circumstances, individuals seeking the appointment are screened by a Judicial Screening Committee established by the Governor in Executive Order No. 10 (see 9 NYCRR 5.10), which has the stated purpose of attempting "to [e]nsure that [j]udicial [o]fficer [a]ppointments are of the [h]ighest [q]uality" (9 NYCRR 5.10). In a procedure similar to other jurisdictions that utilize forms of screening for judicial candidates, reports of respondent remain confidential except as regards the individual appointed by the Governor (see 9 NYCRR 5.10 [2] [d]; cf. Public Citizen v Department of Justice, 491 US 440, 443-445 [1989]; Guy v Judicial Nominating Commn., 659 A2d 777, 779-780 [Del 1995], appeal dismissed 670 A2d 1338 [1995]; City of Tucson v Superior Ct., 167 Ariz 513, 514-517, 809 P2d 428, 429-432 [1991]).

The Governor eventually appointed Julie Campbell to fill the

vacant judicial position. Petitioner, an attorney from Cortland County who had not sought the judicial position, made a FOIL request to respondent seeking information about candidates who had been rated highly qualified and any communication between respondent and Campbell that had occurred following Campbell's appointment. Respondent stated in a letter from its executive director that there were "not any documents which list those candidates . . . rated as very qualified" and there was no postappointment correspondence or documentation regarding conversations between respondent and Campbell. The letter also quoted from Executive Order No. 10 that "[a]ll records and deliberations of, and all communications to, the Judicial Screening Committee with respect to a candidate's qualifications shall be held in confidence" (9 NYCRR 5.10 [2] [d]).

Petitioner commenced this proceeding and respondent made a preanswer motion to dismiss for failure to state a cause of action. Respondent argued that it was not subject to FOIL or OML because it served only in an advisory capacity and also that, even if FOIL and OML applied, the requested records were exempt from public disclosure. Supreme Court granted respondent's motion, finding that respondent's role is merely advisory and, thus, not within the scope of FOIL or OML (4 Misc 3d 622 [2004]). Petitioner appeals.

The definition of an agency under FOIL includes a committee "performing a governmental . . . function" (Public Officers Law § 86 [3]) and, similarly, OML applies to public bodies "performing a governmental function" (Public Officers Law § 102 [2]). A committee providing purely an advisory role may not be performing a governmental function within the meaning of FOIL or OML (*see Matter of Perez v City Univ. of N.Y.*, 9 AD3d 310, 313 [2004], *lv granted* 4 NY3d 706 [2005]; *cf. Matter of Smith v City Univ. of N.Y.*, 92 NY2d 707, 714 [1999]; *Goodson Todman Enters. v Town Bd. of Milan*, 151 AD2d 642, 643 [1989], *lv denied* 74 NY2d 614 [1989]; *Matter of Daily Gazette Co. v North Colonie Bd. of Educ.*, 67 AD2d 803, 804 [1979]). The mere attachment of the label "advisory" to a body or committee is insufficient to circumvent FOIL and OML. Instead, the entity must be closely examined by various criteria that reflect whether it exercises a governmental function, including "the authority under which the entity was created, the power distribution or sharing model under which it exists, the nature of its role, the power it possesses and under which it purports to act, and a realistic appraisal of its functional relationship to affected parties and constituencies" (*Matter of Smith v City Univ. of N.Y., supra* at 713). Moreover, in light of the purpose of these

statutes and the important policies they foster in an open society, the statutes are liberally construed in favor of disclosure of information (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-275 [1996]; *Matter of Gordon v Village of Monticello*, 87 NY2d 124, 126-127 [1995]).

Here, the appointment of a county-level judge to fill an unexpired term is vested by the NY Constitution within the discretion of the Governor. In an effort to enhance public confidence in the integrity of the judicial selection process, the Governor chose—as had prior Governors—to establish Judicial Screening Committees by Executive Order. The Screening Committees elicit information about potential judicial appointees and, to ensure candid input about and consideration of such individuals, confidentiality is a recognized necessity of the process (*see e.g. Matter of Baumgarten v Koch*, 97 Misc 2d 449, 451-452 [1978]). Respondent's role is limited to providing the Governor with the names of highly qualified candidates. Respondent does not offer advice about which of the candidates it may prefer. While the Governor may select an individual deemed by respondent as highly qualified, other possible options include appointing no one (waiting instead for the next general election), asking respondent to screen additional candidates, and recruiting a candidate or candidates for consideration by respondent. Under the narrow circumstances implicated herein, we are not persuaded that the information sought by petitioner must be disclosed (*see id.*).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 4 Misc 3d 622 (2004).]