■ In the Matter of McQuay Group, McQuay-Perfex, Inc., Respondent, v New York Convention Center Development Corp. et al., Appellants. — Order Supreme Court, New York County (Price, J.), entered December 2, 1981 granting reargument, and on reargument directing respondents to answer the petition and setting the matter down for trial, is unanimously modified, on the law and the facts, to the extent that additional respondent Carrier shall answer the petition within 10 days after service of a copy of the order hereon; that the last decretal paragraph of the order appealed from staying and restraining respondents from proceeding further in the performance of the contract is vacated; and that after answer by respondents, the matter may be renoticed for a hearing at Special Term upon two days' notice pursuant to CPLR 7804 (subd [f]) and thereafter the matter may proceed to trial of issues of fact, if necessary; and the order is otherwise affirmed, without costs. We agree that there is an issue of fact as to when the determination to award the contract to Carrier became final and binding; that a mere oral communication to Carrier that the contract would be awarded is insufficient for this purpose; and that accordingly, an issue of fact exists as to whether the proceeding was timely instituted. In our view, as the contract under attack had actually been

executed between CCDC and Carrier, Carrier would be inequitably affected by a determination annulling the contract, and accordingly, it is an indispensable party. But if the action was timely begun against CCDC, the public agency whose action is sought to be reviewed, the fact that Carrier was not joined until later is not fatal. The purpose of the short Statute of Limitations (L 1979, ch 35, § 15, subd [1]) was sufficiently fulfilled by the service upon CCDC. Indeed, for this purpose it may well be that CCDC and Carrier are "united in interest". (Cf. CPLR 203, subd [b].) As the motion before Special Term was limited to a preliminary motion to dismiss based on the Statute of Limitations and CCDC requested leave to answer if the motion is denied, stating that it had additional factual material to present, and respondent Carrier had not yet had an opportunity to answer, a trial should not have been directed until it was clear from the answers of CCDC and Carrier whether the case could be disposed of without a trial of issues of fact. Finally, there is no adequate showing justifying a preliminary injunction, and indeed petitioner does not really dispute this on the appeal. Concur — Carro, J. P., Silverman, Bloom, Fein and Milonas, JJ.