OPINION OF THE COURT
David B. Saxe, J.
In this CPLR article 78 proceeding, the petitioners, the New *614 York Public Interest Group and others (hereinafter referred to as NYPIRG), allege that the respondents, the Governor’s Advisory Commission to Make Findings and Recommendations About Problems Relating to Liability Insurance (the Commission), violated the Open Meetings Law (OML) (Public Officers Law § 100 et seq.).
Specifically, NYPIRG seeks a declaration that the Commission violated the OML, and an order annulling the Commission’s report and attorney’s fees. The Commission has moved for dismissal of the proceedings.
Governor Mario M. Cuomo established the Commission by executive order of January 13, 1986. It is comprised of 19 voting members — prominent citizens of New York State, who represent a broad spectrum of interests concerned with the crisis in liability insurance.
The Commission was charged by the Governor with the "responsibility” of studying the nature and impact of the liability insurance problem. Additionally, the Commission was directed to prepare a report for him and the Legislature which identified "the major causes of the problem, the areas of most pressing concern and the recommendations for immediate action” (Executive Order No. 78).
Public meetings were thereafter held. However, it was decided that the Committee’s mandate would be better served by holding a closed session and so the scheduled March 13, 1986 meeting was not open to the public. The petitioners, believing that this action violated the OML, commenced this action.
Initially, this court issued a restraining order on Friday, April 4, 1986, pending the hearing on the underlying application. Two days later, after an extraordinary Sunday session, the court vacated its restraining order and the Commission held its scheduled meeting on April 7, 1986 and voted approval of a report which was then made available to the Governor, the Legislature and members of the public.
The crux of the problem before me is whether the OML is applicable to an advisory commission such as the one involved in this proceeding.
In order to arrive at a solution to this inquiry reference must first be made to the OML. Public Officers Law § 103, open meetings and executive sessions, provides "(a) Every meeting of a public body shall be open to the general public”. Section 102 (2) defines public body as "any entity, for which a *615 quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof * * * or committee or subcommittee or other similar body of such public body.”
So, the applicability of the OML to the Commission turns on whether the Commission is a "public body” performing "public business” and a "governmental function”.
In Matter of Daily Gazette Co. v North Colonie Bd. of Educ. (67 AD2d 803, 804 [3d Dept 1979]) the court held that standing committees of the Board of Education were not subject to the OML: "Since the standing committees of the respondent are not given any authority to make final decisions on any matters but merely make recommendations on various subjects to the entire board, they are not transacting public business.” Similarly, the Commission lacks the power to make "final decisions”. All it can do is advise and make recommendations to the Governor.
In another case, the Queens College Review Committee for Faculty Personnel and Budget was found not to be subject to the Open Meetings Law. (Bigman v Siegel, NYLJ, Sept. 29, 1977, p 11, col 4 [Sup Ct, Queens County].) The Committee was created by a bylaw of the Board of Higher Education to make recommendations to the President of Queens College on personnel matters and on the annual budget proposed by the President. The court stated that the Open Meetings Law: "does not encompass the innumerable groups which are organized and meet for the purpose of collecting information, making recommendations and rendering advice but which have no authority to make governmental decisions”.
Kingston Assoc. v LaGuardia (156 Misc 116 [Sup Ct, NY County 1935], affd 246 App Div 803 [1st Dept 1936]) is instructive on the issue of what is a governmental function as that term is used in Public Officers Law § 102 (2). In Kingston (supra), the plaintiff sought to restrain the comptroller of the City of New York from paying Mayor Fiorello LaGuardia his salary because he had been appointed to a Federal advisory committee, established by President Roosevelt. According to the plaintiff, Mayor LaGuardia had violated the city’s charter. The charter required a public officer to forfeit his office if he accepted " 'any other civil office of honor, trust, or emolument’ ” (supra, p 118). The court considered whether the Mayor’s membership in the advisory committee consti *616 tuted the performance of a governmental function and held that it did not. The court noted (p 123) that: "The committee thus lacks the most important characteristic or attribute associated with the idea of public office, namely, the right to exercise some part of the power of the sovereign.” Since the advisory committee in Kingston had not been delegated any constitutional powers and only made recommendations to President Roosevelt, its members, although serving in the public interest, performed no governmental function or public duty.
The two cases subjecting advisory panels to the OML are distinguishable. In Matter of MFY Legal Servs. v Toia (93 Misc 2d 147 [Sup Ct, NY County 1977]) the court held that the New York State Medical Advisory Committee, which advised the State Commissioner of Social Services, was subject to the OML. However, as the court noted, the Medical Advisory Committee was created by statute; its members were subject to Senate confirmation; they served for three-year terms; and most importantly, in certain cases the Commissioner was prohibited from acting before he received the advice of the Medical Advisory Committee. "Therefore”, the court reasoned, "the giving of advice by the committee * * * is a necessary governmental function for the proper actions of the Social Services Department.” (Supra, p 148.) Moreover, since the committee members were appointed "for a fixed term to a position created by statute, [they were] holders of a public office.” (Supra, p 148).
In contrast, the Commission was created by executive order; the Commissioners do not hold fixed terms; and there is no requirement that the Governor wait for the recommendations of the Commission before taking any action.
The other case in which an advisory panel was deemed subject to the OML was Matter of Syracuse United Neighbors v City of Syracuse (80 AD2d 984 [4th Dept 1981]). There, the court considered the applicability of the OML to the Syracuse "Homestead Committee” and "Mayor’s Task Force on Abandoned Housing”. The Homestead Committee was composed of public officials and made recommendations to the common council concerning the disposition to private citizens of city owned residential properties. The Task Force consisted of public officials and made recommendations regarding the disposition or use of vacant or abandoned property. The court stated that although the recommendations of the two bodies were nominally advisory in that they did not formally bind *617 the common council or other city department, on the record "it is clear that their recommendations have been adopted and carried out without exception.” (Supra, p 985.) Since "their recommendations receivefd] the automatic approval of the common council”, the two bodies were deemed public bodies. (Supra, p 985.)
By contrast, there is no evidence that the Governor or the Legislature consider themselves bound or will in fact adopt and carry out the Commission’s recommendations "without exception”. There is no reason to believe that the Commission’s recommendations will receive "automatic approval” as in the Syracuse United Neighbor case (supra).
In short, the Commission is an advisory body which lacks the power to transact public business. It cannot make law, adopt regulations or direct any changes in State law or policy. It has no direct impact on the functioning of the government of this State. Accordingly, the Commission is not subject to OML.
The petition is dismissed.