In the Matter of POUGHKEEPSIE NEWSPAPER DIVISION OF GANNETT SATELLITE INFORMATION NETWORK et al., Respondents, v MAYOR'S INTERGOVERNMENTAL TASK FORCE ON NEW YORK CITY WATER SUPPLY NEEDS et al., Appellants.

Second Department, February 6, 1989 *

### APPEARANCES OF COUNSEL

*Peter L. Zimroth, Corporation Counsel (Michael S. Adler* and *Francis F. Caputo* of counsel), for appellants.

*Van De Water & Van De Water* for respondents.

*Laura Zeisel* for Scenic Hudson, Inc., *amicus curiae.*

### OPINION OF THE COURT

Per Curiam.

The Mayor's Intergovernmental Task Force on New York City Water Supply Needs (hereinafter the Task Force) was created by Mayor Koch in 1985 following several years of drought. The Task Force was directed to review existing plans and make recommendations concerning the city's long-range water supply needs. The Task Force originally consisted of representatives of several New York City departments as well as representatives of the United States Army Corps of Engineers, the United States Geological Survey, and certain departments of New York State and the Westchester County Executive, who were invited to join. In 1986 the executives of 11 other counties in the region were invited by Mayor Koch to send representatives to the Task Force. The work of the Task Force is conducted by various subcommittees, one of which is the Hudson River Subcommittee.

Dennis A. Kipp, a reporter on environmental matters for the Gannett newspaper in Poughkeepsie, was denied permission to attend meetings of the Hudson River Subcommittee and brought this suit which, *inter alia,* sought a declaration that the Task Force and its Hudson River Subcommittee were subject to the "Open Meetings Law" (Public Officers Law art 7). The Supreme Court, Dutchess County, found that the Task Force and its Hudson River Subcommittee were "public bod-[ies]" as defined in Public Officers Law § 102 (2), and thus were subject to the Open Meetings Law. We disagree for the reasons that follow.

Public Officers Law § 102 (2) defines a "public body" subject to the Open Meetings Law as: "any entity, for which *a*

*quorum is required* in order to conduct public business and which consists of two or more members, *performing a governmental function* for the state or for an agency or department thereof" (emphasis added). The sole purpose of the Task Force is to study the problem of the water needs of New York City and to make recommendations to the Mayor who is free to accept or reject the recommendations. It is clear that the Task Force, which was created by invitation rather than by statute or executive order, has no power, on its own, to implement any of its recommendations. It is simply an advisory body to a municipal executive. As such, the Task Force is not performing a governmental function *(see, Kingston Assocs. v La-Guardia,* 156 Misc 116, *affd* 246 App Div 803; *New York Pub. Interest Research Group v Governor's Advisory Commn.,* 133 Misc 2d 613, *affd* 135 AD2d 1149). It has long been held that the mere giving of advice, even about governmental matters, is not itself a governmental function *(Matter of Dawson [Knox],* 231 App Div 490, *affd sub nom. People ex rel. Dawson v Knox,* 267 NY 565; *Fisher v City of Mechanicville,* 225 NY 210). This is so because advisers, or the members of an advisory committee, do not have the right to exercise any of the powers of the sovereign *(Matter of Dawson [Knox], supra; Kingston Assocs. v LaGuardia, supra).* Similarly, because they lack the right to exercise some part of the power of the sovereign, the individual members of the Task Force or its subcommittees, while functioning in that capacity, are not public officers *(see, Matter of Dawson [Knox], supra; Fisher v City of Mechanicville, supra; Matter of Haller v Carlson,* 42 AD2d 829). Since the mere giving of advice is not the performance of a governmental function, the Task Force cannot be a "public body" under the Open Meetings Law.

We would further note that the Task Force does not require a quorum in order to conduct its business and this is also a requirement for a "public body" under Public Officers Law § 102 (2). The petitioners cannot rely upon General Construction Law § 41 to supply a statutory quorum, since that provision only applies to those given power or authority, or charged with the performance of a public duty. The Task Force is not given power or authority or charged with the performance of a public duty and hence, is not subject to the statutory quorum. Accordingly, the absence of two of the statutory indicia under Public Officers Law § 102 (2) of a "public body", viz., the requirement of a quorum and the performance of a governmental function, conclusively establishes that the Task

Force and its subcommittees are not subject to the Open Meetings Law.

The reliance of the petitioners on *Matter of Syracuse United Neighbors v City of Syracuse* (80 AD2d 984, *appeal dismissed* 55 NY2d 995) is misplaced, as that case is readily distinguishable. In *Matter of Syracuse United Neighbors v City of Syracuse (supra)*, the court quite properly went beyond the titles of the bodies involved, viz., the Homestead Committee and the Mayor's Task Force on Abandoned Housing, and looked instead at their actual function. The court found that the Mayor's Task Force on Abandoned Housing, which determined what city-held properties would be placed in the homestead program, and the Homestead Committee, which determined the people to whom these homesteads would be sold for a nominal consideration, were in fact exercising part of the power of the sovereign and were, thereby, performing governmental functions. Since the facts indicate that the functions of those bodies were far from the mere giving of advice that characterized the committee in *Kingston Assocs. v LaGuardia (supra)* and the commission in *New York Pub. Interest Research Group v Governor's Advisory Commn. (supra)*, these decisions are not in conflict, but are actually in harmony. In *Kingston Assocs. v LaGuardia (supra)*, the court had to consider whether the acceptance by Mayor LaGuardia of appointment to the Advisory Committee on Allotments for the Works Progress Administration constituted the holding of a civil office under the Government of the United States. In holding that it did not, the court said: "The committee's status is merely that of an adviser to the executive. It is the president, and not the committee, who exercises the duties and powers of the executive. * * * The committee thus lacks the most important characteristic or attribute associated with the idea of public office, namely, the right to exercise some part of the power of the sovereign" *(Kingston Assocs. v LaGuardia,* 156 Misc 116, 123, *supra)*.

The more recent *New York Pub. Interest Research Group* case is factually very similar to the case at hand. In *New York Pub. Interest Research Group v Governor's Advisory Commn. (supra)*, a claim was made that the advisory commission established by executive order of Governor Cuomo to study the nature and impact of the liability insurance problem and to identify the major causes of the problem, the areas of most pressing concern, and to report these findings for immediate action, was a "public body" subject to the Open Meetings Law.

In rejecting this claim, the court found that this commission was purely advisory and did not exercise any part of the power of the sovereign, noting that the commission in and of itself was incapable of making law, adopting regulations or directing any changes in law or policy. The unifying principle running through these decisions is that groups or entities that do not, in fact, exercise the power of the sovereign are not performing a governmental function, hence they are not "public bod[ies]" subject to the Open Meetings Law, while those that do exercise sovereign power may be subject to that law. Applying this principle to the facts in the record before us, we find that the Task Force and its Hudson River Subcommittee are not subject to the Open Meetings Law.

The essential factor in determining the applicability of the Open Meetings Law is whether or not the entity is *performing a governmental function,* not simply *conducting public business.* We reject the contention of the petitioners that any body that conducts public business even though it is not performing a governmental function is a "public body" as defined in Public Officers Law § 102 (2). The clear language of the statute is to the contrary.

We have considered the remaining contention of the petitioners and find it to be without merit.

Accordingly, the judgment appealed from should be reversed, it should be declared that the Mayor's Intergovernmental Task Force on New York City Water Supply Needs and its Hudson River Subcommittee are not subject to the Open Meetings Law, and the instant matter otherwise dismissed.

SPATT, J. P., SULLIVAN, HARWOOD and BALLETTA, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs or disbursements, it is declared that the Mayor's Intergovernmental Task Force on New York City Water Supply Needs and its Hudson River Subcommittee are not subject to the Open Meetings Law (Public Officers Law art 7), and the instant matter is otherwise dismissed.