■ GOODSON TODMAN ENTERPRISES, LTD., Respondent, v TOWN BOARD OF MILAN, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Zoning Revision Committee created by the Town Board of Milan to hold open meetings pursuant to Public Officers Law article 7, the Town Board of Milan appeals from (1) an order of the Supreme Court, Dutchess County (King, J.), entered October 6, 1988, which, *inter alia,* directed that any future meetings of the Zoning Revision Committee be open to the public, and (2) a judgment of the same court, entered October 25, 1988, which (a) granted the petition, (b) directed that the meetings of the Zoning Revision Committee be open to the public and press and must be on notice, (c) enjoined the appellant from permitting any closed meetings, and (d) granted the petitioner $500 in attorney's fees.

Ordered that the appeal from the order is dismissed, as no appeal lies from an intermediate order in a proceeding pursuant to CPLR article 78 *(see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

On January 11, 1989, the Town Board of Milan created a Zoning Revision Committee, whose function was to recommend changes in the town zoning ordinance. In March 1988 a news correspondent employed by the petitioner Goodson Todman Enterprises, Ltd. was denied access to the committee's meetings. The petitioner alleges that the closed meetings of the Zoning Revision Committee are "illegal and contrary to the provisions of Title 7 of the Public Officers' Law".

The Supreme Court, Dutchess County, granted the petition, concluding, *inter alia,* that any future meetings of the Zoning Revision Committee must be on notice and open to the public.

Public Officers Law § 102 (2) defines a "public body" subject

to Public Officers Law article 7 (hereinafter the Open Meetings Law) as: "any entity, for which a quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof * * * or committee or subcommittee or other similar body". The record at bar reveals that the limited function of the Zoning Revision Committee—for which no quorum requirement exists—is merely to advise the appellant with respect to a contemplated change in the town's zoning ordinance. The committee's members do not hold fixed terms and the appellant need not wait for the committee's recommendations in order to act. Moreover, the committee possesses no power, statutory or otherwise, to implement its recommendations, but exists at the discretion of the appellant merely to provide advice—which may be accepted or rejected (cf., Matter of MYF Legal Servs. v Toia, 93 Misc 2d 147). As we have recently observed, "[i]t has long been held that the mere giving of advice, even about governmental matters, is not itself a governmental function" (see, e.g., Matter of· Poughkeepsie Newspaper Div. v Mayor's Intergovernmental Task Force on N. Y. City Water Supply Needs, 145 AD2d 65, 67). Nor is there anything in the record which suggests the de facto exercise of governmental functions by the committee (see, Matter of Syracuse United Neighbors v City of Syracuse, 80 AD2d 984, appeal dismissed 55 NY2d 995).

Accordingly, since the committee's function is purely advisory and does not involve the exercise of sovereign power (see, New York Pub. Interest Research Group v Governor's Advisory Commn., 133 Misc 2d 613, affd 135 AD2d 1149), it is not an entity to which the provisions of the Open Meetings Law apply. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.