■ In the Matter of JOEL JAE et al., Appellants, v BOARD OF EDUCATION OF PELHAM UNION FREE SCHOOL DISTRICT et al., Respondents. [802 NYS2d 228]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the respondents Board of Education of Pelham Union Free School District, Terrence F. Martell, Catherine Draper, John Brice, William Cavanaugh, Danton Chin, Kathy Kafer, and Christopher J. O'Connor, individual members of the Board of Education of the Pelham Union Free School District, and the respondent Stephanie A. Pollack, in her official capacity as the District Clerk of the Pelham Union Free School District, to comply with the requirements of Public Officers Law §§ 104, 105, and 106 (3), and an action for a judgment declaring that the respondents Board of Education of Pelham Union Free School District, Terrence F. Martell, Catherine Draper, John Brice, William Cavanaugh, Danton Chin, Kathy Kafer, and Christopher J. O'Connor, individual members of the Board of Education of Pelham Union Free School District, and the respondent Stephanie A. Pollack, in her official capacity as the District Clerk of the Pelham Union Free School District, violated, among other statutes, Public Officers Law § 104 in the manner they convened executive sessions and prepared the minutes thereto, the petitioners, Joel Jae and Harry D. Lewis, appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Jamieson, J.), entered April 9, 2004, which, inter alia, upon only partially granting their first motion for leave to amend the petition to withdraw all but the fourth and sixth causes of action, and denying the remaining causes of action as academic, denied their second motion for leave to amend the petition to include additional causes of action, and (2) an order and judgment (one paper) of the same court entered August 2, 2004, which, inter alia, denied the amended petition and dismissed the proceeding.

Ordered that the appeal from the order entered April 9, 2004, is dismissed, as that order was superseded by the order and judgment and will be reviewed on the appeal therefrom (see Matter of Aho, 39 NY2d 241, 248 [1976]); and it is further,

Ordered that the order and judgment is modified by adding

thereto a provision declaring that the Board of Education of Pelham Union Free School District, Terrence F. Martell, Catherine Draper, John Brice, William Cavanaugh, Danton Chin, Kathy Kafer, and Christopher J. O'Connor, individual members of the Board of Education of Pelham Union Free School District, and Stephanie A. Pollack, in her official capacity as the District Clerk of the Pelham Union Free School District, did not violate Public Officers Law §§ 100, 102 (2), §§ 103, 104, 105, 106, and 111 and Education Law § 414 (1) (c) and § 2121 in the manner they convened executive sessions and prepared the minutes thereto by not identifying in the motion to enter into an executive session those non-members of the Board of Education of Pelham Union Free School District who were invited to attend executive sessions of the Board of Education of Pelham Union Free School District, and excluded the general public from meetings of advisory committees of the Board of Education of Pelham Union Free School District; as so modified, the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the petitioners' contention, the Supreme Court properly denied their second motion for leave to amend the petition to include additional causes of action, and only partially granted their first motion for leave to amend the petition to withdraw all but the fourth and sixth causes of action. "Although leave to amend a pleading 'shall be freely given' in the absence of surprise or prejudice . . . the determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed" (*Sewkarran v DeBellis,* 11 AD3d 445 [2004]; *see* CPLR 3025 [b]). Under the circumstances of this case, where the parties charted their own procedural course in which the Board of Education of Pelham Union Free School District (hereinafter the Board) compromised on numerous issues upon the petitioners' agreement to withdraw all but their fourth and sixth causes of action, significant prejudice would accrue to the Board if the petitioners' second motion for leave to amend the petition were granted (*see Marine Midland Bank v Worldwide Indus. Corp.,* 307 AD2d 221, 222-23 [2003]). Further, the new causes of action the petitioners sought to plead in their second proposed amended petition are time-barred and patently lacking in merit, as they failed to name indispensable parties thereto (*see* CPLR 1001, 1003; *Town of Webster v Village of Webster,* 280 AD2d 931 [2001]; *Matter of McQuay Group, McQuay-Perfex v New York Convention Ctr. Dev. Corp.,* 87 AD2d 507 [1982]).

The fourth cause of action as pleaded in the first proposed

amended petition alleged that the Board must specifically identify in their motion to enter an executive session any non-members of the Board invited to attend. We reject the petitioners' contention that Public Officers Law § 105 (2), which states that "[a]ttendance at an executive session shall be permitted to any member of the public body and any other persons authorized by the public body," is the governing statute. Education Law § 1708 (3), which states that "[t]he meetings of all [boards of education] shall be open to the public, but said boards may hold executive sessions, at which sessions only the members of such boards or the persons invited shall be present," not Public Officers Law § 105 (2), is the governing statute herein, since the former is a specific statute directly dealing with boards of education, and the latter deals with "public bodies" in general (see generally Matter of Lupoli, 275 AD2d 44 [2000]). In any event, neither statute can be interpreted to include the additional requirement the petitioners seek to impose upon the Board. "In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). Given the absence of any requirement in either Public Officers Law § 105 (2) or Education Law § 1708 (3) that the Board must also identify any nonmembers it authorized to attend its executive sessions, there is an "irrefutable inference" that it was "intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240).

The remaining cause of action in the first proposed amended petition, i.e., the sixth cause of action, alleged that the subcommittees, advisory committees, and/or ad hoc committees of the Board must comply with the Open Meetings provisions of the Public Officers Law. Contrary to the petitioners' contention, the record supports the Supreme Court's determination that the subject committees were advisory in nature, did not perform governmental functions, and they were not, therefore, public bodies subject to the Open Meetings provisions of the Public Officers Law, even though the subject committees contained at least one member of the Board (see Public Officers Law § 102 [2]; § 103; Matter of Perez v City Univ. of N.Y., 9 AD3d 310 [2004]; Goodson Todman Enters. v Town Bd. of Milan, 151 AD2d 642 [1989]; Matter of Poughkeepsie Newspaper Div. of Gannett Satellite Info. Network v Mayor's Intergovernmental Task Force on N.Y. City Water Supply Needs, 145 AD2d 65 [1989]; cf. Matter of Smith v City Univ. of N.Y., 92 NY2d 707 [1999]).

"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought" (*Matter of McGann v Holanchock,* 13 AD3d 379 [2004], *lv denied* 5 NY3d 710 [2005]). Since the petitioners failed to demonstrate a clear legal right to the relief sought in their fourth and sixth causes of action, those remaining branches of the amended petition were properly denied.

We note that since this is a hybrid proceeding, seeking, inter alia, a declaratory judgment, the Supreme Court should have directed the entry of a declaration in favor of the Board, its individual members, and the District Clerk (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.