James P. Drohan Informal Opinion Counsel for Enlarged City No. 2008-5 School District of Middletown 2517 Route 52 Hopewell Junction, New York 12533
Dear Mr. Drohan:
You have requested an opinion regarding whether a member of the board of education of the enlarged city school district of Middletown may simultaneously serve on the city of Middletown board of ethics. We understand that the more particular question is whether a member of the board of ethics is a public officer for purposes of Education Law §2502(7). As explained more fully below, we are of the opinion that a member of the board of ethics is a public officer and therefore cannot simultaneously serve as a member of the school district's board of education.
I. BACKGROUND
General Municipal Law § 808(3) grants the authority to a city, at its option, to establish a board of ethics. That statute provides a general framework for such a board. You have advised us that the city of Middletown has established a board of ethics pursuant to this authority, and has granted to the board all the powers and duties prescribed in article 18 of the General Municipal Law. See City Code of Middletown § 48-6. The City's board of ethics is composed of five mayoral-appointed members who serve for three-year terms. City Code of Middletown § 48-6. The members receive no salary or compensation for their services, but are reimbursed by the City for actual and necessary expenses.Id. The board of ethics is empowered by both City Code § 48-6 and General Municipal Law § 808(3) to promulgate its own rules and regulations as to its forms and procedures and the maintenance of its records of opinions and proceedings. The board elects annually from its membership its chairman and secretary. See City Code of Middletown § 48-6.
The board's duties include rendering advisory opinions to officers and employees of the City with respect to article 18 of *Page 2 
the General Municipal Law and the City's code of ethics. See General Municipal Law § 808(1)-(3); City Code of Middletown § 48-6 (B). Counsel for the City has advised us that the opinions rendered by the board of ethics are the only and final determinations made by the City interpreting and applying article 18 and the City's code of ethics.
You have explained that the city of Middletown has fewer than 125,000 inhabitants. The provisions of article 51 of the Education Law therefore apply to the school district. Education Law § 2501. One of the primary purposes of article 51 was to create fiscally independent and responsible school districts separate and apart from the city government. See Letter of the Department of Audit and Control (Apr. 5, 1950), reprinted in Bill Jacket for ch. 762 (1950), at 14. Thus, Education Law § 2502(7), part of article 51, prohibits a member of a board of education of a city school district governed by the provisions of article 51 from holding "any city office."[1] Whether the positions of school board member and city board of ethics member are statutorily incompatible therefore depends on whether a member of the city board of ethics holds a "city office."
II. ANALYSIS
The term "city office" as used in Education Law § 2502(7) is a subcategory of "public office." See Ferraro v. City School District ofthe Schenectady, 69 Misc. 2d 800, 801 (stating that the petitioner as an officer of the city held a "public, city office"); Op. Att'y Gen. 96-2 (city corporation counsel was public officer and thus could not simultaneously be a member of the school district's board of education pursuant to Education Law § 2502(7); Op. Att'y Gen. (Inf.) 90-80 (same conclusion with respect to city sealer of weights and measures);see also Public Officers Law § 2 (including "every officer of a political subdivision or municipal corporation of the state" within the definition of a "local officer").
While the distinction between a "public officer" and any other public employee is "not too clear," Dawson v. Knox, 231 A.D 490, 492 (3rd Dep't 1931), a "public officer" has been defined as "an independent officer whose position is created, and whose powers and duties are prescribed, by statute and who exercises a high degree of initiative and independent judgment." Matter of O'Day v. Yeager, 308 N.Y. 580, 586 (1955); see Lakev. Binghamton Hous. *Page 3 Auth., 130 A.D.2d 913, 914 (3rd Dep't 1987). It is also well-established that the authority to exercise some portion of the sovereign power is essential to being a public officer and, where no such authority exists, a position is not likely an office but one of employment. People ex rel.Hoefle v. Cahill, 188 N.Y. 489, 494 (1907); see also Haller v.Carlson, 42 A.D.2d 829 (4th Dep't 1973) . Here, the board of ethics is created by and its powers and duties are derived from the City Code of Middletown and General Municipal Law. The board acts independently with the authority to promulgate its own rules and regulations controlling the forms and procedures used. See General Municipal Law § 808 (2)-(3); City Code of Middletown § 48-6(A). The board of ethics issues opinions to officers and employees of the City; these opinions are based upon the board's independent interpretation, analysis, and application of article 18 of the General Municipal Law and the City's code of ethics. These determinations are made without interference or supervision or direction from any other part of the city government or from any other outside board of ethics. See General Municipal Law § 808(4) (county board of ethics may not act with respect to the officers and employers of any municipality located within the county when the municipality has established its own board of ethics except when a matter is referred by the local board of ethics). Its determinations are the only and the final determinations made on behalf of the City with respect to article 18 and the City's code of ethics. We therefore conclude that the board's members are properly considered officers.
It might be argued that because the opinions issued by the board are advisory, the members do not exercise independent authority and are therefore not public officers. Thus in Matter of Poughkeepsie NewspaperDiv. of Gannett Satellite Info. Network v. Mayor's Intergov'tal TaskForce on New York City Water Supply Needs, 145 A.D.2d 65, 67 (2d Dep't 1989), the court held that members of an advisory task force were not public officers because they had no independent authority to act, but merely made recommendations to the mayor. See id. at 67; see alsoKingston Assoc. v. La Guardia, 156 Misc. 116, 123 (Sup.Ct. N.Y. Cty. 1935); Op. Att'y Gen. (Inf.) No. 90-54 (the roles of a conservation advisory council and conservation board were to advise and make recommendations to other municipal officers and municipal bodies and thus the members were not public officers).
We believe, however, that the function of the City's board of ethics in rendering opinions is distinguishable from a board authorized only to advise government officials. Although the board of ethics issues opinions that are characterized as advisory, it acts independently of the appointing authority and, because no other body is granted the authority to perform its function, its *Page 4 
opinions constitute the only and final determination of the City, unlike the advice provided by a task force to a mayor. In summary, therefore, we conclude that the members of the City's board of ethics are public officers of the City. Consequently, we further conclude that by virtue of Education Law § 2502(7), members of the Middletown City School District board of education may not simultaneously serve on the City's board of ethics.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions.
[1] Police and fire officers are excepted from this prohibition. *Page 1