[40 NYS3d 74]

In the Matter of MICHAEL P. THOMAS, Respondent, and LETITIA JAMES, as Public Advocate for the City of New York, et al., Intervenors-Respondents, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants.

First Department, October 25, 2016

APPEARANCES OF COUNSEL

*Zachary W. Carter, Corporation Counsel,* New York City (*Jane L. Gordon, Cecelia Chang* and *Richard Dearing* of counsel), for appellants.

*Michael P. Thomas,* respondent pro se.

*New York Lawyers for the Public Interest,* New York City (*Mark Ladov* of counsel), and *Advocates for Justice,* New York City (*Laura D. Barbieri* of counsel), for Letitia James and another, respondents.

*David N. Grandwetter* and *Marvin Pope,* New York City, for the Council of School Supervisors and Administrators, amicus curiae.

## OPINION OF THE COURT

KAPNICK, J.

In this CPLR article 78 proceeding, petitioner sought, inter alia, a declaration that School Leadership Teams (SLTs) at New York City public schools are "public bodies" whose meetings must be open to the general public pursuant to the Open Meetings Law (Public Officers Law art 7).[1]

Background

The Education Law requires each New York City public school to have a "school-based management team" (Education Law § 2590-h [15] [b], [b-1]). By regulation, respondent New York City Department of Education (DOE) has implemented this mandate through the establishment of SLTs in every school

---

1. The parties and the IAS court, however, treated this proceeding as a pure article 78 proceeding and not a hybrid article 78/declaratory judgment action. Thus, the court reviewed respondents' determination to deny petitioner access to the meeting under the arbitrary and capricious standard and made no declaration.

(*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 75 AD3d 412, 413 [1st Dept 2010]; Chancellor's Regulation [CR] A-655). SLTs have between 10 and 17 members, made up of school parents, teachers, staff, and administrators, and may also include "representatives of Community Based Organizations" (CR A-655 § III [A], [B], [C] [1], [2]). The school principal, president of the parent association, and chapter leader of the teachers' union must be members. At least two student members are also required for each high school (*id.* § III [C] [2]). SLTs must meet at least once a month "at a time that is convenient for the parent representatives" (Education Law § 2590-h [15] [b-1] [ii]). Notice of this meeting must be provided in a manner "consistent with the open meetings law" (Education Law § 2590-h [15] [b-1] [iii]).

The SLT helps formulate "school-based educational policies" and ensure that "resources are aligned to implement those policies" (CR A-655 § I; *see* Education Law § 2590-h [15] [b-1] [i]). The SLT's primary responsibility is to develop the school's annual comprehensive education plan (CEP), which sets the school's needs, goals, and instructional strategies (*see* Education Law § 2590-h [15] [b-1] [i]; CR A-655 § II). In this regard, the SLT "must use consensus based decision-making and must seek assistance" from the "District Leadership Team" or the district superintendent "if it is unable to reach consensus on the CEP" (CR A-655 § II [A] [4]). If the SLT is "still not able to reach consensus," then the superintendent "shall make the determination on developing the CEP" (*id.*).

SLTs also "consult on the school-based budget pursuant to" Education Law § 2590-r (Education Law § 2590-h [15] [b-1] [i]). That section, in turn, provides for "the principal to propose a school-based budget, after consulting with members of the" SLT (Education Law § 2590-r [b] [i]). Consistent with these statutory provisions, DOE regulations make clear that the principal "is responsible for" and "makes the final determination concerning the school-based budget," albeit only after "consult[ing] with the SLT during this development process so that the budget will be aligned with the CEP" (CR A-655 § II [A] [2]).

Petitioner is a retired DOE mathematics teacher. On March 17, 2014, petitioner asked the Chair (Victoria Trombetta) and three mandatory members (Linda Hill, Principal; Laura Cavalerri, PTA President; and Francesco Portelos, UFT Chapter Leader) of the SLT for IS 49, a Staten Island middle school, for

permission to attend the SLT's next meeting. By email dated March 18, 2014, Trombetta invited petitioner to attend the SLT's April 1 meeting.

On March 19, 2014, Trombetta rescinded the invitation. Trombetta explained that she had "reviewed the SLT Bylaws" and "realized" that "only" "school community members" are "permitted to attend" SLT meetings. Since petitioner was "not a member of the school community," he could not attend a meeting. Petitioner agreed with Trombetta that the SLT's "bylaws are consistent with DOE policy," but explained that he wanted to "challenge that policy in court" and needed to be "denied entrance onsite" in order to "have 'standing.'" Petitioner informed Trombetta that he would attempt to gain entrance to the meeting. On April 1, 2014, petitioner presented himself to security at IS 49's front entrance, and was denied admittance to the SLT meeting.

Thereafter, petitioner commenced this article 78 proceeding by notice and petition verified May 17, 2014. Petitioner contended that the SLT was a "public body," such that its refusal to permit him to attend the meeting violated the Open Meetings Law. DOE served an answer verified August 19, 2014, denying the petition's material allegations and asserting affirmative defenses. Petitioner served a reply verified August 26, 2014, responding to the answer.[2]

Supreme Court granted the petition and found that "SLT meetings entail a public body performing governmental functions," and are thus "subject to the Open Meetings Law." Relying on *Matter of Perez v City Univ. of N.Y.* (5 NY3d 522 [2005]) and *Matter of Smith v City Univ. of N.Y.* (92 NY2d 707 [1999]), the court reasoned:

> "First, SLTs are established pursuant to the Education Law, which gives them a role in school governance. DOE's own by-laws specify that SLTs are part of the 'governance structure' of New York City's Schools. The public's interest in SLT meetings is demonstrated by the fact that announcement of such meetings must be made in accordance with the Open Meetings Law.

---

2. By order to show cause dated January 12, 2015, Letitia James, the New York City Public Advocate, and Class Size Matters, a New York-based nonprofit organization dedicated to achieving smaller class sizes across the country, moved to intervene as petitioners. The intervenors served a proposed petition generally echoing the main petition. The intervenors' application was granted as part of the order on appeal herein.

"Second, . . . SLTs play a crucial iterative role in developing CEPs and ensuring that CEPs are aligned with the school's budget. A principal must consult with her school's SLT in developing a CEP. If the principal and her SLT cannot agree on the contours of the annual CEP, then the District Superintendent may resolve the difference. However, the SLT must have input into the CEP's development. In December 2007 the DOE issued a prior version of Regulation A-655 which gave principals in New York City final decision-making authority over the CEP. The State Education Commissioner ruled that the regulation was in derogation of Education Law § 2590-h (15) (b-1), because it stripped the SLTs of their 'basic, statutorily mandated authority to develop the CEP.'

"The CEP is an important blueprint at each school. It describes annual goals concerning student achievement, teacher training, parent involvement, and compliance with federal law including Title I. The CEP also includes 'action plans' to achieve those goals. . . . [T]he role of an SLT in formulating its school's CEP is one of decision maker. In fulfilling this role the SLT acts in conjunction with, and not subordinate to, the school's principal. If it is fulfilling its statutory role, a school's SLT is not a mere advisor to the principal. SLTs are also stakeholders and participants in school closings. These SLT activities touch on the core functions of a public school. The proper functioning of public schools is a public concern, not a private concern limited to the families who attend a given public school" (citations and footnotes omitted).

Accordingly, the court held that DOE's "failure to open School Leadership Team Meetings to the general public pursuant to the Open Meetings Law is arbitrary and capricious and contrary to law."[3]

Promulgated in 1976 following the Watergate scandal, the Open Meetings Law "was intended—as its very name suggests—to open the decision-making process of elected officials

---

3. By order entered October 15, 2015, this Court ruled that an automatic stay of the order is in effect, pursuant to CPLR 5519 (a) (1). By order entered December 29, 2015, this Court granted the Council of School Supervisors and Administrators leave to appear as amicus curiae.

to the public while at the same time protecting the ability of the government to carry out its responsibilities," and its provisions are "to be liberally construed in accordance with the statute's purposes" (*Matter of Gordon v Village of Monticello*, 87 NY2d 124, 126-127 [1995]). In enacting the law,

> "the Legislature sought to ensure that 'public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy'" (*Matter of Perez v City Univ. of N.Y.*, 5 NY3d at 528; Public Officers Law § 100).

The Open Meetings Law provides generally that "[e]very meeting of a public body shall be open to the general public" (Public Officers Law § 103 [a]). The statute defines "public body" as "any entity, for which a quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof" (Public Officers Law § 102 [2]). A "meeting" is "the official convening of a public body for the purpose of conducting public business" (Public Officers Law § 102 [1]).

Whether an entity is a public body turns on various criteria, including "the authority under which the entity was created, the power distribution or sharing model under which it exists, the nature of its role, the power it possesses and under which it purports to act, and a realistic appraisal of its functional relationship to affected parties and constituencies" (*Matter of Smith v City Univ. of N.Y.*, 92 NY2d at 713).

The "mere giving of advice, even about governmental matters, is not itself a governmental function" (*Goodson Todman Enters. v Town Bd. of Milan*, 151 AD2d 642, 643 [2d Dept 1989], *lv denied* 74 NY2d 614 [1989]). It has thus been held that an entity which is "advisory in nature" and "d[oes] not perform governmental functions" will not be deemed to be a "public body" for purposes of the Open Meetings Law (*Matter of Jae v Board of Educ. of Pelham Union Free School Dist.*, 22 AD3d 581, 584 [2d Dept 2005], *lv denied* 6 NY3d 714 [2006]; *see also Smith*, 92 NY2d at 714 ["It may be that an entity exercising only an advisory function would not qualify as a public body within the purview of the Open Meetings Law"]). By contrast, "a formally chartered entity with officially delegated duties

and organizational attributes of a substantive nature . . . should be deemed a public body that is performing a governmental function" (*Smith*, 92 NY2d at 714).

If a court "determines that a public body failed to comply with [the Open Meetings Law], the court shall have the power, in its discretion, upon good cause shown, to declare that the public body violated [the Open Meetings Law] and/or declare the action taken . . . void" (Public Officers Law § 107 [1]).

DOE argues that the SLTs do not perform "governmental functions" characteristic of public bodies under the Open Meetings Law, but rather merely "serve a collaborative, advisory function." Amicus curiae Council of School Supervisors and Administrators supports DOE's arguments and emphasizes that opening SLT meetings to the public would frustrate SLTs' collaborative goals by permitting outsiders to "attend for their own personal agendas or satisfaction in open or veiled dissonance from" the SLT's purpose.

Petitioner, along with intervenors Letitia James and Class Size Matters, argues that the trial court properly analyzed the question of whether SLTs are public bodies because they were created under the authority of state law as a mandatory and necessary part of the governing structure of the New York City public school system.

As the IAS court properly found, under the factors set forth in *Smith* and *Perez*, SLTs qualify as a public body performing governmental functions, and, therefore, are subject to the Open Meetings Law.

It cannot be disputed that SLTs are established pursuant to state law and are a part of DOE's "governance structure." It also cannot be disputed that SLTs have decision-making authority to set educational and academic goals for a school through the CEP. The notion that SLTs merely serve an advisory role is not supported by the regulatory history. As the IAS court pointed out in its decision, in December 2007, the DOE issued a prior version of regulation A-655 in an effort to give principals the final decision-making authority over CEPs. However, the revised regulation was overruled by the State Education Commissioner because it violated the Education Law's mandate that SLTs have a "basic, statutorily mandated authority" to develop the CEP.

Although principals do have the final approval over a school's budget, principals must consult with SLTs, so that the budget

and the CEP can be aligned. The fact that the SLT and principal must collaborate with each other does not, in and of itself, disqualify the SLT from being considered a public body performing governmental functions (*see Perez*, 5 NY3d at 530).

Moreover, state law requires that an SLT hold monthly meetings during the school year and that notice of the meetings be provided in accordance with the Open Meetings Law. This is a clear indication of the public concern over the functioning of SLTs and public schools in general.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Peter H. Moulton, J.), entered April 23, 2015, granting the petition seeking, inter alia, a determination that respondents violated the Open Meetings Law by denying the general public (petitioner) access to a meeting of a New York City public school's SLT, should be affirmed, without costs.

SWEENY, J.P., RENWICK and MANZANET-DANIELS, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered April 23, 2015, affirmed, without costs.