Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees (2019 NY Slip Op 00432)





Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees


2019 NY Slip Op 00432


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10535
2017-00847
 (Index No. 12506/15)

[*1]In the Matter of Bonacker Property, LLC, et al., appellants,
v
Village of East Hampton Board of Trustees, et al., respondents.


Gibson, Dunn & Crutcher, LLP, New York, NY (Randy M. Mastro, Mylan L. Denerstein, Indraneel Sur, and Jerilin Buzzetta of counsel), for appellants.
Lamb & Barnosky, LLP, Melville, NY (Joel M. Markowitz of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from (1) a decision of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated September 2, 2016, and (2) a judgment of the same court dated November 2, 2016. The judgment, upon the decision, denied the amended petition, dismissed the proceeding/action, and declared that the challenged local laws are a legal, constitutional, and valid exercise of the police and zoning powers of the respondent/defendant Incorporated Village of East Hampton.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is modified, on the law, (1) by deleting the provisions thereof dismissing the fifth, sixth, seventh, and eighth causes of action, and (2) by deleting the provision thereof declaring that the challenged local laws are a legal, constitutional, and valid exercise of the police and zoning powers of the respondent/defendant Incorporated Village of East Hampton; as so modified, the judgment is affirmed, without costs or disbursements, the fifth, sixth, seventh, and eighth causes of action are reinstated and severed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on those causes of action.
The petitioners/plaintiffs (hereinafter the petitioners) are owners of residential real property in the Incorporated Village of East Hampton. They commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief challenging five local laws amending the Zoning Code of the Village of East Hampton (hereinafter the Zoning Code), which were adopted by the Village Board of Trustees (hereinafter the Board of Trustees) on June 19, 2015. Three of the challenged amendments impact building on lots of 40,000 square feet or greater. Local Law No. 13-2015 reduced the maximum allowable gross floor area for one- and two-family detached dwellings on such lots. Local Law No. 14-2015 reduced the maximum permitted coverage for all structures on such lots. Local Law No. 15-2015 reduced the maximum allowable gross floor area for all accessory buildings on all such lots. The other two amendments impacted all lots in the Village — [*2]Local Law 16-2015 added to the Village Zoning Code a definition of "story," which previously was not defined, and Local Law 17-2015 modified the definition of "cellar" so as to restrict the permissible parameters of a cellar.
In the amended petition/complaint (hereinafter the petition), the petitioners sought, inter alia, in effect, to annul the determination of the Board of Trustees that adopted a negative declaration under the State Environmental Quality Review Act (hereinafter SEQRA) and approved the amendments to the Zoning Code on the grounds, among others, that (1) the amendments are not in accordance with the Village's comprehensive plan, (2) the Board of Trustees improperly relied on the recommendation of the Village Planning and Zoning Committee (hereinafter the Planning and Zoning Committee) in adopting the subject amendments, and (3) the Board of Trustees failed to comply with the procedures mandated by SEQRA. The petition also sought certain declaratory relief, including a judgment declaring that the amendments constitute an unconstitutional regulatory taking of the petitioners' respective property without just compensation under the Takings Clause of the Fifth Amendment to the United States Constitution and article I, section 7, of the New York Constitution. The proceeding/action was commenced against the Board of Trustees, Paul F. Rickenbach Jr., in his official capacity as mayor of the Incorporated Village of East Hampton, the Planning and Zoning Committee, and the Incorporated Village of East Hampton (hereinafter collectively the Village). After the Village answered the petition, the Supreme Court denied the petition, dismissed the proceeding/action, and declared that the challenged local laws are a legal, constitutional, and valid exercise of the police and zoning powers of the Incorporated Village of East Hampton. The petitioners appeal.
Contrary to the Village's contention, the petitioners, all of whom own property affected by the zoning amendments, have standing to challenge the subject amendments and the alleged failure to comply with the procedures mandated by SEQRA (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413-414).
On the merits, we agree with the Supreme Court that the challenged amendments are consistent with the comprehensive plan of the Village. Village Law § 7-722(11)(a) provides that where, as here, a village has adopted a formal comprehensive plan, the village's zoning decisions must be in accordance with that plan. Compliance with the statutory requirement is measured, however, in light of the long-standing principle that, as legislative acts, zoning ordinances carry a presumption of validity (see Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 186). "[E]ven if the validity of a provision is fairly debatable,' the municipality's judgment as to its necessity must control" (Stringfellow's of N. Y. v City of New York, 91 NY2d 382, 396, quoting Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d at 186; see Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d 680, 683; Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d 813, 814). "Thus, when a plaintiff fails to establish a clear conflict' with a formal comprehensive plan, a zoning classification may not be annulled for incompatibility with the comprehensive plan" (Nicholson v Incorporated Vil. of Garden City, 112 AD3d 893, 894, quoting Infinity Consulting Group, Inc. v Town of Huntington, 49 AD3d at 814; see Matter of Hart v Town Bd. of Town of Huntington, 114 AD3d at 683; Bergstol v Town of Monroe, 15 AD3d 324, 325).
The petitioners failed to establish that any of the challenged amendments are inconsistent with the comprehensive plan of the Village. The comprehensive plan, adopted in 2002, included a statement of the importance for the Village to ensure that new development or redevelopment of residential properties was compatible with the character of the existing neighborhood in which it occurs. It noted that at that time, the Village accomplished this goal by limiting the gross floor area for all homes in relation to lot size and the total coverage of the residential lot. The comprehensive plan recommended further limiting the maximum gross floor area and coverage for residential lots, including accessory structures, so that new residential development would be more responsive and compatible with the scale of existing development. The subject amendments are entirely consistent with the comprehensive plan.
We disagree with the petitioners' contention that the Board of Trustees improperly [*3]relied on the advice of the Planning and Zoning Committee and thereby denied the petitioners the notice and opportunity to comment required under Village Law §§ 7-706 and 7-708, and under the open meetings provisions of the Public Officers Law. The record supports the Supreme Court's determination that the Planning and Zoning Committee was advisory in nature, did not perform governmental functions, and, therefore, was not a public body subject to the open meetings provisions of the Public Officers Law, even though the Planning and Zoning Committee contained at least one member of the Board of Trustees (see Matter of Thomas v New York City Dept. of Educ., 145 AD3d 30, 35; Matter of Jae v Board of Educ. of Pelham Union Free Sch. Dist., 22 AD3d 581, 584; Goodson Todman Enters. v Town Bd. of Milan, 151 AD2d 642, 643; Matter of Poughkeepsie Newspaper Div. of Gannett Satellite Info. Network v Mayor's Intergovernmental Task Force on N.Y. City Water Supply Needs, 145 AD2d 65, 67).
We agree with the Supreme Court's determination that the Board of Trustees complied with the requirements of SEQRA in issuing negative declarations and approving the subject amendments to the Zoning Code. Judicial review of SEQRA findings "is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Akpan v Koch, 75 NY2d 561, 570, quoting CPLR 7803[3]; see Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430; Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924). This review is deferential, for "it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416; see Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d at 430). The relevant question before this Court is "whether the agency identified the relevant areas of environmental concern, took a hard look' at them, and made a reasoned elaboration' of the basis for its determination" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417, quoting Aldrich v Pattison, 107 AD2d 258, 265; see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232; Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 688).
The record supports the Supreme Court's determination that the Board of Trustees complied procedurally and substantively with SEQRA. Contrary to the petitioners' contention, the Board of Trustees' conclusion that the proposed amendments to the Village Code constituted "unlisted" actions, rather than "Type I" actions more likely to require the preparation of an environmental impact statement (see 6 NYCRR § 607.4), was not arbitrary or capricious nor affected by an error of law. Further, in the environmental assessment forms prepared in connection with the proposed zoning code amendments, no adverse environmental effects were identified. The record reflects that the Board of Trustees identified the relevant areas of environmental concern as related to the proposed action, took the requisite "hard look" at them in its negative declaration, and made a reasoned elaboration of the basis for its determination. Given the nature of the proposed action here, which would have only beneficial environmental effect, and the focus of the assessment form, which is to identify negative environmental effects of the proposed action, the rapid review and completion of the environmental assessment form was not arbitrary or capricious (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d at 690; Matter of Wells v Board of Trustees of Inc. Vil. of Northport, 40 AD3d 652, 653; Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton, 262 AD2d 564, 565).
In light of the above, we agree with the Supreme Court's denial of those branches of the petition, set forth in the first, second, third, and fourth causes of action, which were, in effect, pursuant to CPLR article 78 to annul the determination of the Board of Trustees adopting a negative declaration under SEQRA and approving the subject amendments to the Zoning Code.
Nevertheless, in the absence of a dispositive motion addressed to the fifth, sixth, seventh, and eighth causes of action, which sought declaratory relief and damages not in the nature of CPLR article 78 relief, the Supreme Court should not have, in effect, dismissed those causes of action. "In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and [*4]for declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment" (Matter of Alltow, Inc. v Village of Wappingers Falls, 94 AD3d 879, 882; see Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d 918, 920; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1007-1008; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 74 AD3d 980, 980). "Thus, where no party makes a request for a summary determination of the causes of action which seek to recover damages or declaratory relief, it is error for the Supreme Court to summarily dispose of those causes of action" (Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d at 1008; see Matter of East W. Bank v L & L Assocs. Holding Corp., 144 AD3d 1030, 1033; Matter of Lake St. Granite Quarry, Inc. v Town/Village of Harrison, 106 AD3d at 920; Matter of Alltow, Inc. v Vill. of Wappingers Falls, 94 AD3d at 882). Here, since no party made such a motion, the court should not have summarily disposed of the causes of action which sought to recover damages and declaratory relief, and the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings on those causes of action. We express no opinion as to the merits of those causes of action.
The petitioners' remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court